UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

TARA SALVIETTI,

    Plaintiff,

  v.

ROPAK ATLANTIC, INC.
ROPAK CORPORATION and
JOHN MCDOWELL,

    Defendants.

Civil Action No. 04-10546WGY

---

### ANSWER OF DEFENDANTS ROPAK ATLANTIC, INC., ROPAK CORPORATION AND JOHN MCDOWELL TO COMPLAINT OF PLAINTIFF TARA SALVIETTI

Defendants Ropak Atlantic, Inc. ("Ropak Atlantic"), Ropak Corporation ("Ropak") and John McDowell ("McDowell") (collectively, "Defendants") hereby answer plaintiff's complaint in accordance with its numbered paragraphs, as follows:

### FIRST DEFENSE

1.   Defendants admit the allegations in paragraph 1.

2.   Defendants admit the allegations in paragraph 2.

3.   Defendants admit the allegations in paragraph 3.

4.   Defendants admit the allegations in paragraph 4.

5.   Defendants deny the allegations in paragraph 5.

6.   Defendants admit the allegations in paragraph 6, except that Ropak Atlantic hired Plaintiff on January 7, 2002.

7.    Defendants admit the allegations in paragraph 7.

## JURISDICTION

8.    Defendants admit the allegations in paragraph 8, except that McDowell's actual title is Regional Divisional Sales Manager.

9.    Defendants admit the allegations in paragraph 9.

10.    Defendants admit the allegations in paragraph 10.

## FACTS

11.    Defendants admit the allegations in paragraph 11.

12.    Defendants admit the allegations in paragraph 12, except that Ropak Atlantic hired Plaintiff on January 7, 2002.

13.    Defendants admit the allegations in paragraph 13.

14.    Defendants admit that Plaintiff had informed defendants that she was pregnant at the time of her termination.  Defendants deny the remaining allegations in paragraph 14.

15.    Defendants admit that Plaintiff was a sales representative for Ropak Atlantic and was responsible for developing new sales relationships.  Defendants deny the remaining allegations in paragraph 15.

16.    Defendants admit the allegations in paragraph 16.

17.    Defendants deny the allegations in paragraph 17.

18.    Defendants admit the allegations in paragraph 18, except that defendants deny that Ropak employed approximately thirty-five sales representatives.

19.    Defendants deny the allegations in paragraph 19.

20.    Defendants deny the allegations in paragraph 20.

21.    Defendants deny the allegations in paragraph 21.

22.    Defendants deny the allegations in paragraph 22.

23.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23.

24.    Paragraph 24 asserts a legal conclusion to which no response is necessary. To the extent a response is necessary, Defendants deny the allegations in paragraph 24.

25.    Defendants deny the allegations in paragraph 25.

26.    Defendants admit the allegations of paragraph 26.

27.    Defendants admit the allegations of paragraph 27.

28.    Defendants deny the allegations in paragraph 28.

29.    Paragraph 29 asserts a legal conclusion to which no response is necessary. To the extent a response is necessary, Defendants deny the allegations in Paragraph 29.

30.    Defendants deny the allegations in paragraph 30.

31.    Defendants admit that Plaintiff informed Defendant of her pregnancy on or about November 4, 2002. Defendants deny the remaining allegations in Paragraph 31.

32.    Defendants deny the allegations in paragraph 32.

33.    Defendants deny the allegations in paragraph 33.

34.    Defendants deny the allegations in paragraph 34.

35.    Defendants deny the allegations in paragraph 35.

36.    Defendants admit the allegations contained in the first sentence in paragraph 36. Defendants deny the remaining allegations in paragraph 36.

37.    Defendants deny the allegations in paragraph 37.

38.    Defendants deny the allegations in paragraph 38.

39.    Defendants admit the allegations contained in the first sentence of paragraph 39. Defendants deny the remaining allegations in paragraph 39.

40.    Defendants deny the allegations in paragraph 40.

41.    Defendants deny the allegations in paragraph 41.

42.    Defendants deny the allegations in paragraph 42.

43.    Defendants admit the allegations in paragraph 43.

44.    Defendants deny the allegations in paragraph 44.

45.    Defendants deny the allegations in paragraph 45.

46.    Defendants admit Plaintiff did not receive severance pay. Defendants deny the remaining allegations in paragraph 46.

47.    Defendants admit the allegations in paragraph 47.

48.    Defendants deny the allegations in paragraph 48.

## COUNT I

49.    Defendants restate all answers contained in Paragraphs 1 through 48.

50.    Paragraph 50 asserts a legal conclusion to which no response is necessary. To the extent a response is necessary, defendants deny the allegations in paragraph 50.

51.    Paragraph 51 asserts a legal conclusion to which no response is necessary. To the extent a response is necessary, defendants deny the allegations in paragraph 51.

52.    Paragraph 52 asserts a legal conclusion to which no response is necessary. To the extent

4

a response is necessary, defendants deny the allegations in paragraph 52.

53.    Paragraph 53 asserts a legal conclusion to which no response is necessary.  To the extent a response is necessary, defendants deny the allegations in paragraph 53.

54.    Paragraph 54 asserts a legal conclusion to which no response is necessary.  To the extent a response is necessary, defendants deny the allegations in paragraph 54.

55.    Paragraph 55 asserts a legal conclusion to which no response is necessary.  To the extent a response is necessary, defendants deny the allegations in paragraph 55.

56.    Paragraph 56 asserts a legal conclusion to which no response is necessary.  To the extent a response is necessary, defendants deny the allegations in paragraph 56.

## COUNT II

57.    Defendants restate all answers contained in Paragraphs 1 through 56.

58.    Paragraph 58 asserts a legal conclusion to which no response is necessary.  To the extent a response is necessary, defendants deny the allegations in paragraph 58.

59.    Paragraph 59 asserts a legal conclusion to which no response is necessary.  To the extent a response is necessary, defendants deny the allegations in paragraph 59.

60.    Paragraph 60 asserts a legal conclusion to which no response is necessary.  To the extent a response is necessary, defendants deny the allegations in paragraph 60.

## COUNT III

61.    Defendants restate all answers contained in Paragraphs 1 through 60.

62.    Paragraph 62 asserts a legal conclusion to which no response is necessary.  To the extent a response is necessary, defendants deny the allegations in paragraph 62.

63.    Paragraph 63 asserts a legal conclusion to which no response is necessary.  To the extent a response is necessary, defendants deny the allegations in paragraph 63.

64. Paragraph 64 asserts a legal conclusion to which no response is necessary. To the extent a response is necessary, defendants deny the allegations in paragraph 64.

65. Paragraph 65 asserts a legal conclusion to which no response is necessary. To the extent a response is necessary, defendants deny the allegations in paragraph 65.

## COUNT IV

66. Defendants restate all answers contained in Paragraphs 1 through 65.

67. Paragraph 67 asserts a legal conclusion to which no response is necessary. To the extent a response is necessary, defendants deny the allegations in paragraph 67.

68. Defendants deny the allegations in paragraph 68.

69. Paragraph 69 asserts a legal conclusion to which no response is necessary. To the extent a response is necessary, defendants deny the allegations in paragraph 69.

## COUNT V

70. Defendants restate all answers contained in Paragraphs 1 through 69.

71. Defendants admit the allegations in paragraph 71.

72. Defendants admit the allegations in paragraph 72.

73. Paragraph 73 asserts a legal conclusion to which no response is necessary. To the extent a response is necessary, defendants deny the allegations in paragraph 73.

74. Paragraph 74 asserts a legal conclusion to which no response is necessary. To the extent a response is necessary, defendants deny the allegations in paragraph 74.

75. Paragraph 75 asserts a legal conclusion to which no response is necessary. To the extent a response is necessary, defendants deny the allegations in paragraph 75.

76. Paragraph 76 asserts a legal conclusion to which no response is necessary. To the extent

a response is necessary, defendants deny the allegations in paragraph 76.

## COUNT VI

77.    Defendants restate all answers contained in Paragraphs 1 through 76.

78.    Paragraph 78 asserts a legal conclusion to which no response is necessary.  To the extent a response is necessary, defendants deny the allegations in paragraph 78.

79.    Paragraph 79 asserts a legal conclusion to which no response is necessary.  To the extent a response is necessary, defendants deny the allegations in paragraph 79.

80.    Paragraph 80 asserts a legal conclusion to which no response is necessary.  To the extent a response is necessary, defendants deny the allegations in paragraph 80.

81.    Paragraph 81 asserts a legal conclusion to which no response is necessary.  To the extent a response is necessary, defendants deny the allegations in paragraph 81.

## COUNT VII

82.    Defendants restate all answers contained in Paragraphs 1 through 81.

83.    Paragraph 83 asserts a legal conclusion to which no response is necessary.  To the extent a response is necessary, defendants deny the allegations in paragraph 83.

84.    Paragraph 84 asserts a legal conclusion to which no response is necessary.  To the extent a response is necessary, defendants deny the allegations in paragraph 84.

85.    Paragraph 85 asserts a legal conclusion to which no response is necessary.  To the extent a response is necessary, defendants deny the allegations in paragraph 85.

## COUNT VIII

86.    Defendants restate all answers contained in Paragraphs 1 through 85.

87.    Defendants deny the allegations in Paragraph 87.

7

88.   Paragraph 88 asserts a legal conclusion to which no response is necessary.  To the extent a response is necessary, defendants deny the allegations in paragraph 88.

89.   Paragraph 89 asserts a legal conclusion to which no response is necessary.  To the extent a response is necessary, defendants deny the allegations in paragraph 89.

90.   Paragraph 90 asserts a legal conclusion to which no response is necessary.  To the extent a response is necessary, defendants deny the allegations in paragraph 90.

91.   Paragraph 91 asserts a legal conclusion to which no response is necessary.  To the extent a response is necessary, defendants deny the allegations in paragraph 91.

## SECOND DEFENSE

The Complaint, in whole or in part, fails to state a cause of action.

## THIRD DEFENSE

Plaintiff's claims are barred by the applicable statute(s) of limitations.

## FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the failure to satisfy the statutory and/or administrative prerequisites to the bringing of an action.

## FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because she failed to exercise reasonable diligence in mitigating her alleged damages.

## SIXTH DEFENSE

Any and all actions taken by Defendants with respect to Plaintiff's employment were taken for legitimate, nondiscriminatory reasons.

## SEVENTH DEFENSE

8

Any and all actions taken by Defendants or any of them with respect to Plaintiff's employment were taken by reason of business necessity.

## EIGHTH DEFENSE

Defendant would have taken the same actions in discharging Plaintiff even if Plaintiff was not pregnant.

## NINTH DEFENSE

Plaintiff is not entitled to punitive damages.

## TENTH DEFENSE

Plaintiff is barred from recovering any relief by the doctrine of unclean hands.

## ELEVENTH DEFENSE

Plaintiff is estopped and barred by her own conduct from recovering any relief.

## TWELFTH DEFENSE

Plaintiff's claims are barred by the doctrine of waiver.

## THIRTEENTH DEFENSE

Insofar as Plaintiff purports to allege a claim or claims for physical or mental and emotional distress, including claims for recovery of any remedial expenses thereby incurred, said claims are barred by the exclusive remedy provision of the Massachusetts workers' compensation law.

## FOURTEENTH DEFENSE

At all times relevant to the allegations in the Complaint, Defendants had an effective policy for the prevention and correction of unlawful discriminatory practices. Nothwistanding the existence of this policy, Plaintiff unreasonably failed to utilize it in connection with the allegations of unlawful discrimination asserted herein.

## FIFTEENTH DEFENSE

Ropak Atlantic, Ropak and McDowell are not "employers" pursuant to M.G.L. Ch. 151B or Ch. 149 §105D because Ropak employs fewer than six employees in the Commonwealth of Massachusetts.

## SIXTEENTH DEFENSE

Ropak Atlantic, Ropak and McDowell are not "employers" pursuant o the Family and Medical Leave Act, 29 U.S.C. §2611(2)(B)(ii), because Ropak employs fewer than fifty employees within seventy five miles of Plaintiff's worksite.

Defendants reserve the right subsequently to assert other defense of which they may become aware during the course of this proceeding.

WHEREFORE, Defendant demands judgment dismissing the Complaint with prejudice, together with the costs and disbursements of this action, reasonable attorneys' fees and such other and further relief as the Court deems just and proper.

Respectfully submitted,

ROPAK ATLANTIC, INC.
ROPAK CORPORATION, and
JOHN MCDOWELL,

By its attorneys,

Christopher J. Perry (BBO #547552)
Littler Mendelson, P.C.
225 Franklin Street, 26th Floor
Boston, MA 02110
(617) 217-2831

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney on record for each other party by mail/hand delivery on:

4/12/04

Dated: April 12, 2004

10